GABRIEL G. GREGG (SBN: 187333)
gabriel.gregg@rimonlaw.com
RIMON P.C.
800 Oak Grove Ave., Suite 250
Menlo Park, CA 94025
Telephone: (650) 461-4433
Facsimile: (650) 461-4433

OMERO BANUELOS (SBN: 228267)
omero.banuelos@rimonlaw.com
RIMON P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone/Facsimile: (213) 457-7171

Attorneys for Plaintiff SUNEVA MEDICAL, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNEVA MEDICAL, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALMA LASERS, INC. a Delaware Corporation,<br><br>Defendant. | Case No.:<br>**COMPLAINT FOR:**<br><br>**(1)   FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT § 43(A);**<br>**(2)   TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(a);**<br>**(3)   UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.;**<br>**(4)   CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMPLAINT

Plaintiff SUNEVA MEDICAL, INC ("Plaintiff" or "Suneva"), for its Complaint against Defendant ALMA LASERS, INC. ("Defendant" or "Alma") alleges as follows:

## THE PARTIES

1.  Plaintiff Suneva is, and at all times mentioned herein was, a Delaware corporation with its principal place of business in San Diego, California, and offices in Santa Barbara, California, within this District. Suneva, a leader in the field of medical and regenerative aesthetics, manufactures and markets a range of products, including its lead product and the subject of this action, Bellafill® ("Bellafill"). Plaintiff is a registered owner of the infringed Bellafill® trademarks at issue in this case.

2.  Defendant Alma is a Delaware corporation which is registered to do business in California. Defendant does business in, and engaged in many of the wrongful acts complained of herein, in this District. Plaintiff is informed and believes, and thereon alleges, that Alma distributes and markets aesthetic treatments, skin care devices and products within this District. As described further below, Plaintiff is informed and believes, and based thereon alleges, that Defendant conducts business and distributes its products in California, including within this Court's jurisdiction including within the greater Los Angeles and Orange County areas.

## JURISDICTION AND VENUE

3.  This Court has federal question jurisdiction over certain claims in this Complaint pursuant to 15 U.S.C. Section 1121 (action arising under the Lanham Act); and 28 U.S.C. Section 1331 (federal question).

4.  This action arises, in part, under the Lanham Act, as amended, 15 U.S.C. §§ 1114 and 1125, California Business and Professions Code § 17200 et seq., and California common law. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (trademark infringement claims under the

-1-
COMPLAINT

Lanham Act); 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original jurisdiction of trademark claims and unfair competition claims related to same) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Plaintiff is informed and believes, and based thereon alleges, that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391 (c) because a substantial part of the events giving rise to the claims occurred in this District. Additionally, Plaintiff is informed and believes, and based thereon alleges, that the Court has personal jurisdiction over Defendant because Defendant conducts its ordinary business activities in this District, has focused a portion of its unlawful conduct in Los Angeles and Orange Counties within this District, has distributed, and sought to distribute, infringing products in this District, and generally engages in business in this District including within the Counties of Los Angeles and Orange.

6. This Court has specific personal jurisdiction over Defendant because it has purposefully committed and continues to commit acts within the State of California and this District from which these claims arise. This Court also has general personal jurisdiction over Defendant on the basis that it conducts continuous, systematic, and routine business within the State of California including within Los Angeles and Orange Counties.

## FACTUAL BACKGROUND

7. Plaintiff Suneva is the only manufacturer and sole United States distributor of the FDA-approved medical device, Bellafill.

8. Bellafill is an injectable dermal filler and is classified by the Food and Drug Administration as a Class III medical device. Bellafill was approved for sale by the FDA in October 2006 for the treatment and correction of certain facial wrinkles, under its original tradename Artefill. In December of 2014, the FDA approved the use of Bellafill for the treatment of certain acne scars.

9. Plaintiff began manufacturing, selling and marketing its product using the brand name "Bellafill" on December 1, 2014.

10. Plaintiff owns trademark registrations and pending applications in the United States and around the world for the trademarks it uses in connection with the marketing, distribution and sale of its Bellafill® brand in interstate commerce. Trademarks registered with the United States Patent and Trademark Office include, but are not limited to, a federal name registration for "Bellafill" at U.S. Trademark Registration No. 4844046, and the following additional registered trademark: U.S. Trademark Registration Nos. 4199232 (collectively, the "Bellafill Marks").

11. Plaintiff's registrations are valid and subsisting, and Plaintiff owns all right, title and interest to the Bellafill Marks.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant owns no registered trademark for "BeautiFill" or any comparable trademark name.

13. Defendant Alma had constructive notice of Plaintiff's rights in its federally registered trademarks under 15 U.S.C. Section 1072, which states: "Registration of a mark on the principal register provided by this Act or under the Act of March 3, 1981, or the Act of February 20, 1905, shall be constructive notice of the registrant's claim of ownership thereof." Plaintiff's registered, pending, and common law trademarks constitute a family of marks.

14. The Bellafill Marks are used uniformly and consistently in every product advertisement, and promotion in connection with Bellafill® brand products. Plaintiff, its distributors, and its distributors' customers, both nationally and internationally, have continuously and exclusively used the Bellafill Marks to distinguish themselves as the source of goods and services in connection therewith.

15. The Bellafill Marks were custom designed to be distinctive, innovative and recognizable to purchasers and consumers so that the Bellafill Marks would act as a source-identifier. Because of this, the Bellafill Marks are inherently distinctive. In the alternative, because of Plaintiff's exclusive and extensive use, the Bellafill Marks have acquired secondary meaning and distinctiveness, becoming extremely well known to the consuming public as identifying and distinguishing Plaintiff

exclusively and uniquely as the source of products to which the Bellafill® brand is applied.

16. The Bellafill Marks are widely recognized as a source-identifier for Bellafill® brand products. Plaintiff has built and owns extremely valuable goodwill which is symbolized by and associated with its highly distinctive Bellafill® brand.

17. Plaintiff has invested significant resources in developing and promoting the Bellafill® brand, which includes worldwide marketing, advertising, sales and promotion of the Bellafill® brand products. Plaintiff believes that its success is due in part to the quality, and to the highly distinctive, innovative and recognizable Bellafill Marks. The Bellafill® brand denotes high-quality products and is a source-identifier of those products.

18. Notwithstanding Plaintiff's rights in the Bellafill Marks, and with notice of Plaintiff's rights, Defendant is intentionally and willfully manufacturing, advertising, distributing, and selling a product that infringes the Bellafill Marks. Specifically. Defendant has manufactured, sold and continues to sell a medical device product named "BeautiFill."

19. "Bella" means "beautiful" in Italian, derives from the Latin "bellus," and is commonly used in English to denote the concept of beauty. Plaintiff intentionally chose "bella" as the prefix term for its product trademark "Bellafill" because of such associations with beauty. Plaintiff also chose the suffix term "fill" to denote and express that its product acts to fill dermatological defects and imperfections which, on information and belief, is an innovative and non-standard use of the term in the relevant market.

20. Defendant's "BeautiFill" product name utilizes both a confusingly similar prefix term and an identical suffix term for its competing product. As such, Defendant's "BeautiFill" product name clearly infringes the Bellafill Marks and causes a likelihood of customer confusion.

21. Defendant's "BeautiFill" product directly competes with the Bellafill product in that both products are medical devices that involve dermal injections, designed to provide medical, cosmetic and aesthetic benefits to consumers. Both the Bellafill and BeautiFill products are marketed to the same target markets, including channel distributors, aesthetic physicians and medical spa clinics, and ultimately to the same consumer base – customers seeking aesthetic dermal benefits.

22. By copying and using the Bellafill Marks, Defendant is trading on the substantial goodwill created by Plaintiff. Defendant's use of the name "BeautiFill" for its infringing BeautiFill product creates a likelihood of confusion, mistake, and deception as to Defendant's affiliation, connection, and/or association with Plaintiff among purchasers, consumers and the trade. Plaintiff has never authorized or consented to any such use by Defendant of the Bellafill Marks. Defendant's unauthorized actions and blatant use of the Bellafill Marks constitute trademark infringement, false designation of origin, and unfair competition under the laws of the United States and the State of California.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendant intentionally designed its BeautiFill product name so as to incorporate the inherently distinctive Bellafill Marks.

24. Plaintiff is also informed and believes, and based thereon alleges, that Defendant uses the inherently distinctive Bellafill Marks in commerce to intentionally cause a likelihood of confusion between Defendant's infringing product and Plaintiff's product, or to cause mistake, or to deceive the relevant public that Defendant's goods or services are authorized, sponsored or approved by or are affiliated with Plaintiff. Plaintiff is further informed and believes, and based thereon alleges, that by intentionally misappropriating the Bellafill Marks, Defendant is causing customer confusion in the marketplace.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendant has willfully and knowingly infringed the inherently distinctive Bellafill

Marks with knowledge of Plaintiff's rights and in an intentional attempt to target purchasers and consumers who are familiar with the Bellafill® brand by creating the impression of an association between Defendant and Plaintiff or an endorsement by Plaintiff of Defendant's goods. The natural, probable and foreseeable result of the intentional, willful and wrongful conduct of Defendant has been to deprive Plaintiff of business and goodwill, and to injure Plaintiff's goodwill, reputation and relationships with existing and prospective customers by infringing the Bellafill Marks, causing customers to associate the Bellafill® brand with the BeautiFill product.

26. Plaintiff is further informed and believes, and based thereon alleges, that it has lost or will lose revenues from the sale of the inherently distinctive Bellafill® products and potential revenue from licensing and co-branding opportunities and has sustained and will sustain damages as a result of Defendant's wrongful conduct in selling, marketing and distributing the infringing BeautiFill product.

27. Plaintiff is further informed and believes, and based thereon alleges, that Defendant has been unjustly enriched by its sale and marketing of the infringing BeautiFill product. Defendant's conduct is the result of willful and wanton disregard of Plaintiff's established and superior rights. Defendant adopted and used, and continues to use, the Bellafill Marks without authorization and with full knowledge of Plaintiff's superior rights and despite having been put on notice. Plaintiff has suffered, and will continue to suffer, irreparable injury as a result of Defendant's unlawful actions and has no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement Pursuant to 15 U.S.C. § 1114)**

28. Plaintiff realleges and incorporates by reference all preceding paragraphs.

29. Defendant's BeautiFill product infringes the Bellafill Marks because its use of the Bellafill Marks as part of its product's name is likely to cause confusion, mistake, and deception with respect to the Bellafill Marks. Defendant's imitation, copying, and unauthorized use in commerce of Plaintiff's federally registered trademarks is likely to cause confusion, mistake, or to deceive the consuming public and trade by creating the erroneous impression that Defendant's product has been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff. The imitation, copying, and unauthorized use of the Bellafill Marks causes irreparable injury to Bellafill, including injury to its business reputation and the goodwill associated with the Bellafill Marks.

30. By reason of the foregoing, Defendant has infringed the Bellafill Marks and has violated, and is continuing to violate, 15 U.S.C. Section 1114. Plaintiff has no adequate remedy at law for these injuries. Moreover, unless Defendant is restrained by this Court from continuing this imitation, copying and unauthorized use of the Bellafill Marks, these injuries will continue to occur.

31. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, distributors and employees, and all persons acting in concert with them, from engaging in such further acts in violation of 15 U.S.C. Section 1116.

32. By reason of Defendant's willful acts of trademark infringement, Plaintiff is entitled to damages it has sustained and will sustain, and to have those damages trebled pursuant to 15 U.S.C. Section 1117.

33. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. Section 1117. Plaintiff is further entitled to recover from Defendant any gains, profits and advantages unfairly obtained by Defendant as a result of its acts of infringement alleged herein. At present, the amount of any gains, profits and advantages cannot be fully ascertained by Plaintiff. Plaintiff is unable to ascertain the full extent of the monetary damages suffered by reason of Defendant's acts at this time.

## SECOND CLAIM FOR REIEF

**(Trademark Infringement and False Designation of Origin Pursuant to 15 U.S.C. § 1125(a))**

34. Plaintiff realleges and incorporates by reference all preceding paragraphs.

35. Defendant's infringing BeautiFill product infringes the Bellafill Marks, and Defendant is falsely designating the origin of its brand because the use of the Bellafill Marks as part of their product's name is likely to cause confusion, mistake, and deception with respect to the Bellafill Marks.  Defendant's use of the Bellafill Marks as part of its product name has confused and is likely to continue to cause confusion or to cause mistake, or to deceive the consuming public into believing that Defendant's goods or services are authorized, sponsored or approved by or are affiliated with Plaintiff.

36. These acts constitute trademark infringement of the Bellafill Marks and false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling Plaintiff to relief.

37. By reason of Defendant's acts, Plaintiff is, and will continue to be, irreparably harmed if Defendant's conduct is not enjoined.  Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted, and Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. Section 1116.

38. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake and deception.

39. Defendant has unfairly profited from the actions alleged and Plaintiff is therefore entitled to recover from Defendant the damages sustained as a result of Defendant's acts in violation of 15 U.S.C. Section 1125(a).

40. At present, Plaintiff is unable to ascertain the full extent of the monetary damages suffered by reason of Defendant's acts.  Further, because of the

1  willful nature of Defendant's acts, Plaintiff is entitled to damages and to have those
2  damages trebled pursuant to 15 U.S.C. Section 1117.  This is an exceptional case
3  making Plaintiff eligible for an award of attorneys' fees pursuant to 15 U.S.C.
4  Section 1117.

## THIRD CLAIM FOR RELIEF

**(California Unfair Competition and Unfair Business Practices under California Business and Professions Code §§ 17200 and 17500 *et seq*.)**

41.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

42.    Defendant's willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods, causing confusion as to the source of the goods and causing harm to Plaintiff's goodwill, consist of untrue and misleading statements and constitute an unlawful appropriation of Plaintiff's exclusive rights in its Bellafill Marks as outlined herein.

43.   Defendant has unlawfully appropriated Plaintiff's exclusive rights to its Bellafill Marks, infringing on Plaintiff's rights because, like Plaintiff's product, Defendant's use of a confusingly similar prefix and suffix as part of their product name infringes the Bellafill Marks. By selling and offering for sale infringing goods and services, Defendant is in violation of Plaintiff's proprietary rights.

44.   Defendant's conduct thereby constitutes unlawful, unfair, deceptive and/or fraudulent trade practices and unfair competition in violation of California Business & Professions Code Sections 17200, 17500 *et seq*.  The predicate acts comprising Defendant's unlawful, unfair, deceptive and/or fraudulent trade practices or acts include, but are not limited to, the violations of law more fully set forth herein.

45.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's

goodwill with its existing, former and potential customers and actual confusion between Defendant's infringing product and the Bellafill® brand of products.

46. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, loss of goodwill, and confusion of existing and potential customers of Plaintiff's products. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be impossible to ascertain if these acts continue.

47. As such, Plaintiff has no adequate remedy at law. Pursuant to California Business & Professions Code Section 17203, Defendant is required to disgorge and restore to Plaintiff all profits and property acquired by means of Defendant's unfair competition with Plaintiff.

48. Pursuant to California Business & Professions Code Section 17203, Plaintiff is also entitled to a preliminary and permanent injunction restraining Defendant, its respective officers, agents, employees, distributors and all persons acting in concert with them, from engaging in further such unlawful conduct. Defendant's misconduct as described above is intentional, willful, wanton and oppressive.

## FOURTH CLAIM FOR RELIEF
### (Violation of California Common Law Unfair Competition)

49. Plaintiff realleges and incorporates by reference all preceding paragraphs.

50. As set forth above, Defendant's willful, knowing and unauthorized promotion advertisement, sale and offering for sale of infringing goods, causing confusion as to the source of the goods and causing harm to Plaintiff's goodwill, consist of untrue and misleading statements and constitute an unlawful appropriation of Plaintiff's exclusive rights in its Bellafill Marks and constitutes unfair competition under California common law.

51.     Defendant has unlawfully appropriated Plaintiff's exclusive rights in its Bellafill Marks, infringing on Plaintiff's rights.  By reason of Defendant's conduct, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage, as set forth above.

52.     Further irreparable harm and injury to Plaintiff is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction restraining Defendant, its agents, employees, representatives, distributors and all persons acting in concert with them, from engaging in further acts of unfair competition.

53.     Plaintiff is further entitled to recover from Defendant the damages sustained as a result of Defendant's acts of unfair competition.  Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of unfair competition.

54.     Finally, Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to exemplary or punitive damages under California Civil Code Section 3294 in an amount appropriate to punish Defendant and to make an example of Defendant to the community at large.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Court enter judgment against Defendant that:

   a.     Defendant infringed the rights of Plaintiff in the Bellafill Marks in violation of 15 U.S.C. Section 1114;

   b.     Defendant infringed Plaintiff' rights in the Bellafill Marks in violation of 15 U.S.C. Section 1125;

   c.     Defendant engaged in unfair competition and deceptive acts and practices in violation of California Business & Professions Code Sections 17200, 17500, et seq.;

      d.    Defendant engaged in unfair competition and deceptive acts and practices in violation of California common law;

      e.    That the Court enter judgment against Defendant that the above acts, 1(a)-(d), were willful and intentional, making this an exceptional case;

2. That the Court issue a preliminary and permanent injunction enjoining and restraining Defendant and its agents, employees, successors, assigns and all other persons acting in concert or in conspiracy with or affiliated with Defendant from:

      a.    Engaging in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale any goods or services in connection with the infringing product identified herein or any product or mark similar to the Bellafill Marks in any media, whether in person, in print or by electronic or digital means including but not limited to newspapers, magazines, bus shelters, billboards as well as via the Internet, including but not limited to, company websites, promotional websites, social media websites, YouTube or other video-related websites, blogs, email, SMS and the like; and

      b.    Requiring Defendant to deliver up to Plaintiff for destruction any and all packaging, advertising and promotional materials in Defendant's possession, custody or control which contain the infringing products, marks, and/or designs, and any and all infringing products in their possession, custody or control which include the Bellafill Marks.

3. That the Court issue an Order at the conclusion of the present matter that all infringing products be recalled, seized, impounded and destroyed.

4. That Plaintiff be awarded damages for Defendant's trademark infringement, and for unfair competition under California common law.

5. That Plaintiff be awarded all profits and restitution resulting from Defendant's infringement of Plaintiff's rights and by means of Defendant's unfair competition with Plaintiff.

6. That Defendant be ordered to account for and disgorge to Plaintiff all

amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

7. That damages resulting from Defendant's infringement under the Lanham Act be trebled due to Defendant's willfulness in accordance with the provisions of 15 U.S.C. Section 1117.

8. That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

9. That, at Plaintiff's election, Plaintiff be awarded an amount sufficient to reimburse Plaintiff for the costs of corrective advertising.

10. For pre-judgment interest on all infringement and other appropriate damages.

11. That the Court award Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. Section 505, California law, and any other applicable provision of law.

12. That the Court award Plaintiff its costs of suit incurred herein.

13. For such other or further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | DATED:  February 28, 2019 | RIMON, P.C. |
| 2 | | |
| 3 | | By: /s/ Gabriel G. Gregg |
| 4 | | GABRIEL G. GREGG (SBN: 187333) |
| 5 | | gabriel.gregg@rimonlaw.com |
| | | RIMON, P.C. |
| 6 | | 800 Oak Grove Ave., Suite 250 |
| 7 | | Menlo Park, CA 94025 |
| | | Telephone: (650) 461-4433 |
| 8 | | Facsimile: (650) 461-4433 |
| 9 | | OMERO BANUELOS (SBN: 228267) |
| 10 | | omero.banuelos@rimonlaw.com |
| 11 | | RIMON P.C. |
| | | 2029 Century Park East, Suite 400N |
| 12 | | Los Angeles, CA   90067 |
| 13 | | Telephone/Facsimile: (213) 457-7171 |
| 14 | | Attorneys for Plaintiff SUNEVA MEDICAL, INC. |

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all claims in its Complaint that are triable by a jury.

DATED:  February 28, 2019                By:   /s/Gabriel G. Gregg
                                         GABRIEL G. GREGG (SBN: 187333)
                                         gabriel.gregg@rimonlaw.com
                                         RIMON, P.C.
                                         800 Oak Grove Ave., Suite 250
                                         Menlo Park, CA 94025
                                         Telephone: (650) 461-4433
                                         Facsimile: (650) 461-4433

                                         OMERO BANUELOS (SBN: 228267)
                                         omero.banuelos@rimonlaw.com
                                         RIMON P.C.
                                         2029 Century Park East, Suite 400N
                                         Los Angeles, CA   90067
                                         Telephone/Facsimile: (213) 457-7171

                                         Attorneys for Plaintiff SUNEVA
                                         MEDICAL, INC.